IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERIC DEWAYNE HODGE | § | |
| v. | § | CIVIL ACTION NO. 6:06cv554 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Petitioner Eric Hodge, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment pursuant to 28 U.S.C. §636(c).

Hodge says that he pleaded guilty to two counts of delivery of a controlled substance in the 7th Judicial District Court of Smith County, Texas, on March 16, 2004, receiving concurrent sentences of 14 years in prison. He took direct appeals of the convictions, which were dismissed for want of jurisdiction, and filed an application for the writ of habeas corpus in state court on March 3, 2005. This petition was denied on June 21, 2006, by the Texas Court of Criminal Appeals. Hodge signed his federal habeas petition on December 19, 2006.

In his petition, Hodge says that his plea of guilty was involuntary, that he received ineffective assistance of counsel in connection with this plea, that the indictment was invalid and did not invest the trial court with jurisdiction, and that he was denied due process by the Court of Criminal Appeals because that court failed to reverse his conviction in his habeas corpus proceeding and committed other errors of state law in the course of his state habeas proceeding.

The Respondent has been ordered to answer the petition and has done so. The Respondent has also furnished copies of the state court records. Hodge has filed a reply to the answer, which he styled as an "advisory to the Court." His grounds for relief will be addressed in turn.

1

I. Involuntary Guilty Plea

In his first ground for relief, Hodge says that he was told by his attorney that he would be "guaranteed to receive all back time served under warrant in TDCJ from the date of the indictment," but that this was not part of the plea deal. He says that he asked the judge if he would receive this back time, and the judge knew that there had been a misunderstanding, but still accepted the plea agreement and did not allow it to be withdrawn.

In his attached memorandum, Hodge says that he stood before Judge Kerry Russell and pleaded guilty for two 14-year sentences, but that Judge Russell never asked him if he was "pleading guilty by influence," or any consideration of fear or by persuasion of delusive hope of any pardon prompting him to confess guilt. He says that court records and trial docket sheets show that he asked the judge if he would receive all of his back time which he had served under warrant from the date of the indictment on March 28, 2002, and Judge Russell said that "I don't know about that, but I'm giving you your back time." He says that Judge Russell should have stopped the proceedings at that point and refused to accept the guilty plea, knowing that Hodge did not fully understand the consequences of his plea.

Hodge also says that Judge Russell failed to ask defense counsel if there had been any promises made, and failed to ask him, Hodge, any questions at all about the voluntariness of his plea. He again says that he was promised that the State would "guarantee all back time" which he had served under warrant in TDCJ since March of 2002, and that he was "misled and harmed" by the admonishments of the Court.

Also in his first ground for relief, Hodge contends that the State failed to introduce sufficient evidence to support the guilty plea, asserting that his guilty plea alone is not enough to support the conviction. Finally, he says that the trial court failed to properly admonish him as set out in Tex. R. Evid. Rule 614 for his guilty plea to the indictment.

The state habeas court made 14 findings of fact, dated May 18, 2006, which included the following findings:

11. The Court ordered that the Defendant would get his legally required credit for any time he was held on each charge.

12. At the time of the sentencing hearing, Defense counsel indicated that he believed that the Defendant was in TDC before (serving a different sentence) and would probably have time there too as well as Smith County Jail. The Court confirmed that if the Defendant had a "hold" on him while in TDC for these cases then he would get that credit. The Defendant raised the issue about a credit if only a "warrant" had been issued and the Court confirmed that credit would begin only after a warrant was served and not before. The Court confirmed to the Defendant that just because the Defendant was in TDC and there was an unserved warrant did not mean that he would get credit. The Court finds that after such exchange the Defendant did not ask any further questions.

13. On March 30, 2004, the Defendant filed a document entitled "Formal Appeal" in which Defendant alleged that "I was promised by Attorney Kurt Noell that along with this plea I would receive all flat time under warrant from the date of indictment 3-28-2002 ..." The Defendant wanted to withdraw his plea and get a new trial.

14. The trial court denied such request on March 31, 2004, because such allegation was not supported by the record or the record at the said plea hearing and was not true.

The Court's order also included findings of fact that the hold was placed on Hodge on January 13, 2004, that there was no agreement in the plea papers or otherwise that gave Hodge credit back to the date of the indictment, that the trial court confirmed with Hodge at the hearing that there were no other agreements other than those set forth in the plea agreement, that the Court ordered that he receive all legally required credit, and that the time credits awarded included the date of the hold to the date of the plea and sentencing.

The factual findings of a state court are presumed correct on federal habeas corpus review unless rebutted by the petitioner with clear and convincing evidence. 28 U.S.C. §2254(e)(1); Kitchens v. Johnson, 190 F.3d 698, 700-01 (5th Cir. 1999). In this case, the state court made a factual finding that Hodge was informed at the plea proceeding that he would receive credit from the date that the warrant was served (i.e. that the hold was placed on him). The trial court also found that Hodge's allegation that he had been promised that he would receive all credit from the date of indictment was not true.

Hodge has offered nothing, much less clear and convincing evidence, to rebut the trial court's findings of fact. In his response to the answer, he says that the record of the plea proceeding will

support his claims, but it does not. Instead, this record shows that after the plea had been accepted and sentence imposed, the following colloquy took place:

THE COURT: ... Anything further from the State?

MS. PULLUM: No, Your Honor.

THE COURT: From the defense?

MR. NOELL: Your Honor, just in an abundance of caution, Mr. Hodge has been in the Texas Department of Criminal Justice, Institutional Division, serving a sentence. I believe there should have been, and would have been warrants that would have issued actually back in 2001, so there is time not just here in Smith County jail, but I believe in the Texas Department of Criminal Justice Institutional Division that would reflect that he has additional time other than just jail time.

[Discussion by Mr. Noell of a paragraph in the indictment abandoned by the State omitted]

THE COURT: Certainly, whatever the record shows that, Mr. Hodge, as far as if there was a warrant issued and hold placed against you while you were in TDC, then that time you're going to be entitled to against this sentence. I don't know what that is but whatever time you've been under a hold for either of these charges, you'll be given credit for.

THE DEFENDANT: Does that mean warrant, too?

THE COURT: If a warrant is issued and it's not been served or otherwise placed a hold on you, then you're not entitled to credit just because you were incarcerated somewhere. Once they actually were able to find out where you were and get that such that it was a hold, as I understand that definition, then you would be entitled to credit from that date forward, whatever date that would be. I'm giving you credit for any time you were in jail under a hold for each of these charges.

I understand you've apparently been in TDC for other charges. The fact that you've been in TDC for several years before a hold got placed on you in relation to this case, you wouldn't be entitled to credit for that. It would only be in relation to once a hold for either of these cases were placed on you would be the time that I'm giving you credit for, not going back to some time before you had a hold where the State in this case would have had the ability to keep you from going anywhere.

Hodge argues that this exchange should have placed the trial judge on notice that Hodge and his attorney had a "misunderstanding" concerning the amount of back jail time which he would receive, because he "clearly expressed concern and confusion about back time." However, during the plea proceeding, Hodge was asked "are you pleading guilty here today because someone

4

promised to do something for you or promised to give you something if you would plead guilty here today?" and he answered "no, sir." He also testified that he had been able to review all of the paperwork in the case, that he had signed it, that he had an opportunity to discuss it with his attorney, and that he had no questions regarding the paperwork in his case. None of the plea paperwork contained any mention of a promise that Hodge would receive time credits dating back to the time of his indictment two years earlier. The state court found as a fact that Hodge's allegation that such a promise was made to him was not true, and Hodge has not overcome this factual finding by clear and convincing evidence. His claim on this point is without merit.

Next, Hodge says that Judge Russell never asked him if he was "pleading guilty by influence," or any consideration of fear or by persuasion of delusive hope of any pardon prompting him to confess guilt. He also states that the judge failed to ask defense counsel if there had been any promises made and failed to ask Hodge any questions about the voluntariness of his plea.

The record of the plea proceeding shows the following:

THE COURT: In relation to the plea of guilty that you've made here today, Mr. Hodge, are you pleading guilty to those two cases because you're in fact guilty of those charges and for no other reason?

THE DEFENDANT: Yes, sir.

THE COURT: Are you pleading guilty here today because someone has threatened you or attempted to coerce you or force you to plead guilty here today?

THE DEFENDANT: No, sir.

THE COURT: Are you pleading guilty here today because someone promised to do something for you or promised to give you something if you would plead guilty here today?

THE DEFENDANT: No, sir.

THE COURT: Was your decision to enter a plea of guilty here today a personal decision that you made for yourself and no one else made for you?

THE DEFENDANT: Yes.

THE COURT: All right, sir. I have State's Exhibit No. 1 [the plea papers] in each of your cases. It has a place on not all the pages but most of the pages for a defendant's signature. As I hold these up, State's Exhibit No. 1, is that your signature?

THE DEFENDANT:   Yes, sir.

THE COURT:   Did you have a chance to read and review all of this paperwork in State's Exhibit No. 1 before you signed it?

THE DEFENDANT:   Yes, sir.

THE COURT:   Were you able to talk to your lawyer, Mr. Noell, about this before you signed it?

THE DEFENDANT:   Yes, sir.

THE COURT:   Were you able to ask him any questions, if you had any questions?

THE DEFENDANT:   Yes, sir.

THE COURT:   Was he able to answer any and all questions, if you had any questions?

THE DEFENDANT:   Yes, sir.

THE COURT:   All right, sir. And the signatures on the stipulations of evidence are also your signature?

THE DEFENDANT:   Yes.

THE COURT:   Here during the midst of the trial of each of your cases, do you have any questions about the paperwork in State's Exhibit No. 1 in each case?

THE DEFENDANT:   No, sir.

The trial court subsequently found that Hodge's plea of guilty was knowing and voluntary. Hodge's contention that the trial court did not ask him questions to ascertain the voluntariness of his plea is belied by the record and is without merit.

Third, Hodge argues that the State did not offer sufficient evidence to support the plea. As a general rule, the requirement that sufficient evidence exist from which a rational trier of fact could find guilt beyond a reasonable doubt, set forth in Jackson v. Virginia, 443 U.S. 307 (1979), does not apply where the conviction is based upon a guilty plea. Kelley v. Alabama, 636 F.2d 1082, 1083-84 (5th Cir. 1981); *see also* Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991) (a guilty plea is more than a mere confession; it is an admission that the defendant committed the charged offense). In addition, the record shows that Hodge signed stipulations of evidence saying that he intentionally or knowingly possessed a controlled substance, which stipulations themselves provide a sufficient

factual basis for the plea.  The Fifth Circuit has also held that state courts are under no constitutional duty to establish a factual basis for the guilty plea prior to its acceptance.  Matthew v. Johnson, 201 F.3d 353, 368 (5th Cir. 2000).  While Texas law requires that a factual basis for the guilty plea be offered, this is not a federal constitutional requirement, and so to the extent that Hodge complains about a violation of state law, his claim for relief lacks merit because violations of state law alone do not provide grounds for relief in federal court.  Manning v. Warden, Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir. 1986).

Similarly, Hodge asserts that the trial court did not admonish him in accordance with Tex. R. Evid. Rule 614.  As above, this claim of violation of state law does not provide an adequate basis for relief in federal court.  He has not shown that this failure to admonish or to comply with Texas state procedures denied him a fundamentally fair trial or otherwise violated his rights under the Due Process Clause, so as to entitle him to federal habeas corpus relief.  Hodge's first ground for relief is without merit.

## II. Ineffective Assistance of Counsel

In his second claim, Hodge says that he received ineffective assistance of counsel from his attorney, Kurt Noell.  He says that "it is a fact" that Noell told him that if he accepted the 14-year deal, the State would guarantee that he would receive all back time that he had served under warrant in TDCJ, from the date of the indictment.  As proof of this, he again points to the colloquy at the plea proceeding, and to the motion which he filed in March of 2004 which Judge Russell denied.

Next, Hodge says that counsel failed to investigate the state's evidence in the case.  He says that the indictment to which he pleaded guilty was "later found to be fundamentally defective and void," but defense counsel failed to object to it.  Instead, he says, Noell stood by and allowed him to sign a stipulation of evidence and to waive other valuable rights.

Third, Hodge says that counsel failed to file needed motions prior to trial, including a motion for continuance and a "motion for discovery of the entrapment defense," to which he is entitled in cases of delivery of a controlled substance.  He says that counsel consistently advised him to plead

guilty and that he felt compelled to do so because his attorney was unprepared. He complains that counsel allowed the State to amend the indictment on the day of trial, and that the State was simply trying to prevent him from pleading to a fundamentally defective indictment by deleting an enhancement paragraph involving proximity to a school.

To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief must show that his attorney's performance was deficient and that the deficiency prejudiced him to the point that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 678 (1984). This means that the habeas petitioner must establish both that (1) counsel's performance was deficient in that it fell below an objective standard of reasonable competence and (2) the deficient performance so prejudiced the defense that the outcome of the trial was unreliable and there is a reasonable probability that, but for counsel's performance, the result of the trial would have been different. Unless a petitioner makes both showings, he is not entitled to relief. Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988). The burden of proving ineffective assistance of counsel is on the petitioner. Hayes v. Maggio, 699 F.2d 198, 201 (5th Cir. 1983).

In addition, the petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland, 466 U.S. at 694; Jones v. Butler, 864 F.2d 348 (5th Cir. 1988), *cert. denied* 490 U.S. 1075 (1989). General statements and conclusory charges of ineffectiveness will not suffice. Green v. McGougan, 744 F.2d 1189, 1190 (5th Cir. 1984).

In the context of a guilty plea, the Supreme Court and the Fifth Circuit have held that the defendant must show that counsel provided ineffective assistance and that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1986); Joseph v. Butler, 838 F.2d 786, 791 (5th Cir. 1988). Mere allegations from a petitioner that he would have demanded a trial if counsel's advice had been different are insufficient to establish a reasonable probability that he would have actually done so. Joseph, 838 F.2d at 791; Wolfe v. Puckett, 780 F.Supp. 408, 416 (N.D. Miss. 1991). Furthermore, the prejudice

prong of the ineffectiveness test means that even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. DeVille v. Whitley, 21 F.2d 654, 659 (5th Cir. 1994).

Under the Strickland test, if a defendant is represented by counsel and pleads guilty on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. With regard to the prejudice prong, a petitioner must prove that but for his counsel's allegedly incorrect advice, he would have insisted on going to trial; simply alleging prejudice will not suffice. Whether the petitioner is able to persuade the Court that he was prejudiced depends partly on his chances for success at trial; if the petitioner claims that counsel erred by failing to investigate or discover certain exculpatory evidence, the prejudice determination will depend upon whether the discovery of such evidence would have influenced counsel to change his advice regarding the guilty plea. Mangum v. Hargett, 67 F.3d 80, 83 (5th Cir. 1995) (citations omitted).

As stated above, the trial court made findings of fact that there was nothing in the plea agreement or otherwise giving Hodge credit for time back to the date of indictment, and that Hodge's allegation that Noell had made him such a promise was not true. Hodge has not rebutted these findings of fact by clear and convincing evidence, and so his claim on this point is without merit.

Second, Hodge complains that Noell failed to investigate the State's evidence in the case. However, he has failed to show what such an investigation would have turned up, nor how it would have made a difference in his case. The Fifth Circuit has held that while adequate investigation is a requisite of effective assistance, establishing a constitutional violation requires a showing of both a failure to investigate adequately and prejudice arising from that failure. Gray v. Lucas, 677 F.2d 1086, 1093 (5th Cir. 1982). A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. U.S. v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Hodge has made no such showing, nor has he shown that but for counsel's alleged failure to investigate, he

would not have pleaded guilty, but would have insisted on going to trial. His claim on this point is without merit.

Next, Hodge says that the indictment "was later found to be void," but that counsel failed to object to it. He does not point to any proceeding in which the indictment was found to be void by a court of competent jurisdiction. Instead, Hodge asserts that indictment 007-395-07 alleged a violation of Penal Code art. 481.112, when the correct section was 481.134.[1] He offers nothing to show that but for counsel's failure to object to this alleged error, he would not have pleaded guilty, but would have insisted on going to trial.

As noted by the Respondent, Hodge complained about the validity of the indictment in his state habeas proceeding, which was denied by the Texas Court of Criminal Appeals. The Fifth Circuit has held that a defect in a state indictment is not grounds for habeas corpus relief unless the indictment is so defective that the convicting court has no jurisdiction. Neal v. Texas, 870 F.2d 312, 316 (5th Cir. 1989). If the highest criminal appeals court of the state has held, either expressly or implicitly, that the indictment was sufficient under state law, the federal habeas inquiry is at an end. Alexander v. McCotter, 775 F.2d 595, 598-99 (5th Cir. 1985); *see also* Williams v. Collins, 16 F.3d 626, 637 (5th Cir.), *cert. denied* 115 S.Ct. 42 (1994). Where the Court of Criminal Appeals of the State of Texas refuses to hear a direct appeal and denies a writ of habeas corpus sought on the ground that the indictment is insufficient, that Court has implicitly held that the indictment is sufficient. Alexander, 775 F.2d at 599.

In this case, the Texas Court of Criminal Appeals implicitly held that the indictment was sufficient by rejecting Hodge's challenge to it. Hodge has not shown that counsel's action in not objecting to the indictment fell below an objectively reasonable standard, much less that but for this

---

[1] Section 481.112 concerns possession of a controlled substance, while Section 481.134 concerns drug-free zones such as schools. The indictment had originally contained a paragraph alleging a violation of a drug-free zone, but the State amended the indictment on the morning of trial to delete this provision.

failure, he would not have pleaded guilty or that the result of the proceeding would otherwise have been different. His claim of ineffective assistance of counsel on this point is without merit.

Fourth, Hodge complains that counsel failed to file certain pre-trial motions, including a motion for continuance and a "motion for discovery of the entrapment defense," to which he says that he is entitled in a controlled substance case. He has not shown any basis for the filing of either of these motions, nor that had counsel not failed to file the motions, he would not have pleaded guilty or the result of the proceeding would otherwise have been different. Hodge has not shown that a continuance would have made any difference, nor what a motion for discovery would have turned up. He speculates that had counsel raised entrapment at a pre-trial proceeding, "the State may have been compelled to dismiss charges." Such speculation is wholly insufficient to support federal habeas corpus relief; the Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see* Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). His claim on this point is without merit.

Hodge also speculates that Noell stood by him, knowing that he, Hodge, did not understand what he was doing. As noted above, Hodge testified that he went over the plea agreement with his attorney, that he was able to ask questions, and that Noell answered all of his questions. His claim on this point is without merit.

Similarly, Hodge asserts that counsel was "unprepared" and so he felt "compelled" to plead guilty. At the plea hearing, however, Hodge testified that he was pleading guilty because he was guilty and for no other reason; he stated that he had an opportunity to discuss the charges with his lawyer and that his lawyer had answered all of his questions. He added that no one had threatened him, induced him, or promised him anything in exchange for his plea of guilty.

The Supreme Court has stated that solemn declarations in open court carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). As a result, the petitioner

11

faces the heavy burden of proving that he is entitled to relief. DeVille v. Whitley, 21 F.2d at 659. The critical question is whether the entry of his guilty plea was knowing and voluntary, and in this, Hodge has failed to overcome the evidence of his own words. *See* United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986) (holding that there must be independent indicia of the likely merit of the petitioner's contentions; mere contradiction of the statements made at the guilty plea proceeding will not suffice); *cf.* United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985) (to be entitled to evidentiary hearing on claim that sworn statements made during the guilty plea proceeding were false, the petitioner must make "specific factual allegations supported by the affidavit of a reliable third person"). Hodge's claim on this point is without merit.

Hodge complains that counsel "let the State amend the indictment on the day of trial." The amendment about which he complains occurred at the start of the plea hearing, when the State abandoned the paragraph alleging that the offense occurred within 1,000 feet of a playground. The Abandonment of this allegation was beneficial to Hodge, in that an allegation that the offense took place in a drug-free zone would result in increased punishment. He has not shown that he was harmed when Noell did not object to the removal of a paragraph providing for increased punishment.

Hodge's theory apparently is that had counsel objected to the amendment, the State would have been forced to go forward on a defective indictment. However, a plea agreement had been reached, under which Hodge would plead guilty to possession of a controlled substance without the enhancement of the drug-free zone. Had Noell objected to the abandonment of this provision, this would have been tantamount to rejection of the plea agreement, and the State could have proceeded on the indictment as it stood, or re-indicted him at a later time. Hodge has not shown that the refusal to allow abandonment of the drug-free zone paragraph in the indictment, so that Hodge could enter into a plea agreement, fell below an objective standard of reasonable competence, nor that but for this alleged failure, the result of the proceedings would probably have been different.

Hodge next asserts that he received ineffective assistance of counsel when Noell did not file a notice of appeal. The plea papers show that Hodge waived his right to take an appeal.

Notwithstanding this, he did file an appeal, but it was dismissed by the Court of Appeals for want of jurisdiction in light of the waiver of appeal. Hodge has failed to show that Noell rendered ineffective assistance of counsel in failing to file a notice of appeal when the right to appeal had been waived, nor has he shown that but for this failure, the result of the proceeding would probably have been different. In fact, had Noell filed a notice of appeal, the result would have been exactly the same - the appeal would have been dismissed for want of jurisdiction because the right to appeal had been waived. Hodge's contention that he received ineffective assistance of counsel is without merit.

### III. Invalid Indictment

In his third ground for relief, Hodge says that the indictment was invalid and did not invest the trial court with jurisdiction. He contends that the State allowed his conviction under a theory or theories for which he was not given sufficient notice, and that the trial court allowed his conviction under an indictment which charged him with a violation of Section 481.112, but the court's instruction to the grand jury allowed a conviction under Section 481.134.

As explained above, to be entitled to habeas corpus relief on a claim of insufficiency of the indictment, a state habeas corpus petitioner must show that the indictment is so defective that the convicting court has no jurisdiction; if the highest criminal appeals court of the state holds, either expressly or implicitly, that the indictment was sufficient under state law, the federal habeas inquiry is at an end. Alexander v. McCotter, 775 F.2d 595, 598-99 (5th Cir. 1985). In this case, the Court of Criminal Appeals of the State of Texas denied Hodge relief in his state habeas corpus proceedings, and so that Court implicitly held that the indictment was sufficient. Alexander, 775 F.2d at 599. In light of this holding, Hodge has failed to show that he is entitled to habeas corpus relief based on the validity of his indictment, and so his claim on this point is without merit.

In a related argument, Hodge says that the trial court erred by allowing the State to amend the indictment on the day of trial, allegedly in violation of various provisions of Texas law. The Respondent correctly points out that Hodge has not identified any federal constitutional right which was implicated by this action, nor does any such right appear in the record. As stated above,

violations of state law alone do not provide a basis for federal habeas corpus relief. Manning, 786 Fed. at 711. In addition, Hodge has not even shown a violation of state law; the indictment was amended by the State without objection before trial commenced, a procedure which comports with Article 28.10 of the Texas Code of Criminal Procedure. His claim on this point is without merit.

### IV. Errors by the State Appellate Court

In his final ground for relief, Hodge contends that the Texas Court of Criminal Appeals denied him due process and equal protection by refusing to reverse and vacate his conviction based on the trial court's failure to admonish him, his incompetent plea of guilty, ineffective assistance of counsel, and an invalid and void indictment.

The Respondent's answer construes Hodge as challenging the dismissal of his appeal by the state intermediate appellate court, but Hodge's memorandum in support of his petition makes clear that he is complaining of the denial of state habeas relief by the Court of Criminal Appeals.

However, the Fifth Circuit has held that errors in the state habeas process are not a basis for federal habeas corpus relief. Nicholls v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995). Hodge's contentions that the Court of Criminal Appeals erred in its ruling on his state habeas petition, and in allowing the State extra time to respond to his state habeas petition, thus do not present valid bases for federal habeas corpus relief. His citation to Mercadel v. Cain, 179 F.3d 271 (5th Cir. 1995) is misplaced; in that case, the Fifth Circuit held that a Louisiana prisoner's habeas petition was unexhausted because it had been improperly presented to the Louisiana state courts, a circumstance which does not exist in this case.

To the extent that Hodge may complain about the decision of the intermediate appellate court, his claim is likewise without merit. That Court dismissed his direct appeal for want of jurisdiction, because Hodge waived his right to take a direct appeal. Because the appellate court lacked jurisdiction over his appeal, Hodge has not shown that the court erred in failing to grant him the relief which he sought. His claim on this point is without merit.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, a petitioner must make the same showing as was required for a certificate of probable cause. Else v. Johnson, 104 F.3d 82, 83 (5th Cir. 1997). The only difference is that the district court, in granting a certificate of appealability, must specify the issues to be appealed. Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996); James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James, 50 F.3d at 1330.

In this case, Hodge has made a substantial showing of the denial of a federal right, nor has he shown that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. Consequently, Hodge is not entitled to a certificate of appealability. It is accordingly

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Eric Hodge is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **21** day of **October, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE